470 A.2d 447

**Application of Robert B. SURRICK, a member of the Judicial Inquiry and Review Board.**

**In re PROCEEDINGS OF the JUDICIAL INQUIRY AND REVIEW BOARD CONCERNING "XYZ," a certain member of the Judiciary.**

**No. 72 E.D. Misc. Dkt. 1983.**

Supreme Court of Pennsylvania.

May 6, 1983.

## ORDER

AND NOW, this 6th day of May, 1983, the application of Robert B. Surrick, a member of the Judicial Inquiry and Review Board, for leave to file a petition which "attaches and discusses certain parts of the record" made in a confidential proceeding before the Judicial Inquiry and Review Board, characterized by applicant as "the XYZ proceeding" (see application attached), is denied. See Pa. Const. Art. V, § 18(h).

ZAPPALA, J., joins in this Order and files a concurring opinion.

NIX, J., files a dissenting opinion in which McDERMOTT, J., joins.

ZAPPALA, Justice, concurring.

I join the Order of the Court.

The issue before this Court, as I perceive it, is whether a member of the Judicial Inquiry and Review Board (Board) can circumvent our Constitution, statutes and rules of court by requesting that this Court assume some control, referred to in the legal vernacular as jurisdiction, over an independent Board through the exercise of "plenary powers". A majority of this Court has properly refused such a request.

Article V, Section 18 of our Constitution creates the Judicial Inquiry and Review Board. In doing so, the citizens of this Commonwealth created a constitutionally *independent* Board to review the action of the members of the judiciary. According to Article V, the Board is vested with the power to receive and review complaints, and if so warranted, conduct a hearing into those matters complained of. If, after taking testimony and reviewing all the evidence, the Board is of the belief that action is required, the Board shall make such recommendations as it deems appropriate. Although Subsection (j) of Article V, Section 18 empowers this Court to prescribe rules of procedure for the Board, this power does not include the power to usurp the clear mandate of our Constitution to have a distinct and independent Board.

Pursuant to the Constitution, the Legislature has also enacted legislation regarding the creation of the Board and the powers it shall have. (See the Act of July 9, 1976, P.L. 586 No. 142 § 2, 42 Pa.C.S.A. § 2101.) According to Section 2105 of the Act, the Board shall have only those powers vested by law.

Both this Court and the Legislature have enacted specific rules by which this Board is to proceed. By statute, the

Board must thoroughly investigate the matters complained of and for good cause recommend disciplinary action to this Court. (See the Act of July 9, 1976, P.L. 586, No. 142 § 2, 42 Pa.C.S.A. § 3331 et seq.) Similarly, this Court has adopted specific rules by which the Board is to act. (See Rules of Procedure Governing the Judicial Inquiry and Review Board.) Therefore, it is not the constitutional mandate or duty of this Court to evaluate the merits of the actions of the Board unless and until the Board recommends disciplinary action.

Under the rules and statutes, it is clear that all matters before the Board shall be confidential:

> "All papers filed with oral proceedings before the Board *shall* be confidential until a record is filed by the Board in the Supreme Court." (Emphasis added.)

Rule 20 of the Rules of Procedure Governing the Judicial Inquiry and Review Board, 42 Pa.C.S.A. § 3334 and Article V, Section 18, Subsection (h) of the Constitution.

"Shall" is defined under our rules as mandatory. (Rule 23.) Furthermore, according to Rule 14, the Board *shall* recommend to this Court either suspension, removal, discipline or compulsory retirement, if deemed appropriate. *Only after a determination recommending suspension, removal, discipline or compulsory retirement shall the Board prepare a transcript of the proceedings (Rule 15) and file a copy of the recommendation and transcript with this Court (Rule 16).* To precipitately proceed without any action of the Board as is requested here is a perversion, dilution and a complete subterfuge of the intended purpose of the Judicial Inquiry and Review Board.[1] Only until such time as a determination of a suspension, removal, discipline or compulsory retirement has, in fact, been made may this Court act. Petitioner's action herein is a circumvention of this process and is an attempt to do

---

1. It is to be noted that the Petitioner who seeks this relief is only one member out of the entire Board.

indirectly that which is constitutionally prohibited directly.[2] There can be no other conclusion than that the sole and intended purpose of this Petition is to breach the confidentiality which is the cornerstone of the entire process and intended purpose for the structuring of the Board.

Notwithstanding this clear mandate, the Petitioner has asked this Court to exercise its plenary jurisdiction and circumvent our Constitution, statutes and rules of this Court. Section 726 sets forth the plenary powers of this Court:

> "Notwithstanding any other provision of law, the Supreme Court may, on its own motion or upon petition of any party, in any matter *pending before any court* or district justice of this Commonwealth involving an issue of immediate public importance, assume plenary jurisdiction of such matter at any stage thereof and enter a final order or otherwise cause right and justice to be done."

1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978. (Emphasis added.)

"Court" is defined under the Act as "any one or more of the *judges of the court* who are authorized by general rule or rule of court, or by law or usage, to exercise the powers of the court in the name of the court." (Section 102). Implicit therefore in the exercise of this power, is the existence of Court action. The Board is not a court as defined under this Act. The Board was established as an independent Board not beholden to this Court until a recommendation of discipline is filed. Therefore, a matter before the Board is not pending before a "court" for purpose of plenary jurisdiction. To hold otherwise would be to permit this Court to interfere at anytime in the proceedings before the Board, even to the extreme of prohibiting the Board from considering an action properly filed. This position is clearly in contravention of the constitutional powers and purpose of the Board.

**2.** This is not a situation in which an injured party is being denied access to our courts. To the contrary, it is an attempt by a single member in the minority to circumvent the views of the majority.

I strongly condemn this attempt to circumvent the Constitution and would consider any act taken by this Court to be a mockery of our constitutional mandate. Until the Board files a recommendation of discipline with this Court, no power or right exists for us to interfere. Accordingly, I join with the majority of this Court in denying the Petitioner's request.[3]

NIX, Justice, dissenting.

I must strongly dissent to this Court's denial of the application of Robert B. Surrick for leave to file a petition relating to a matter pending before the Judicial Inquiry and Review Board. Initially, it must be emphasized that the request being considered merely seeks the right to file a Removal Petition with this Court either under seal or in the alternative without placing the matter under seal. Without any information before us upon which to assess the merits supporting the Petition for Removal, a majority of this Court by its ruling has flagrantly disregarded the constitutional mandate of Article 1, § 11 of the Pennsylvania Constitution[1] which provides access to all courts of this Commonwealth and thereby abrogated Mr. Surrick's right to due process of law afforded him under the Fourteenth

**3.** What is more "frightening" than the objection of the dissent is the dissent itself. From the dissent it appears that the author may have knowledge of the contents of the Removal Petition under seal, even though only designated as "XYZ". If this be the case, how then can the author objectively participate. If the author is correct in his assertions, than according to public information, he was a principal witness in the proceeding to which he refers. Despite this, he now undertakes the additional, critical, and impermissible role of judge and decision-maker. In American jurisprudence, a lawyer who is a witness in a case is not permitted to argue that case. It is even more impermissible for a witness to assume the more important role of judge and decision-maker.

**1.** Article 1, § 11 of the Pennsylvania Constitution states in pertinent part:
All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

Amendment of the Constitution of the United States.[2] *See Boyle v. O'Bannon*, 500 Pa. 495, 458 A.2d 183 (1983). Moreover, the participation of Mr. Justice Larsen in the deliberations and decision in this matter, over objection, represents a deliberate and callous disregard of constitutional mandate.[3]

The circumstances surrounding this decision were that Robert B. Surrick, through his counsel, James Eiseman and Robert J. Hoelscher for the firm of Drinker, Biddle and Reath, obtained an order from Justice McDermott which allowed him to file the removal petition under seal. The parties apparently thought it necessary, in view of the rule of confidentiality required by Article 5, Section 18(h)[4] and Section 3334 of the Judicial Code, 42 Pa.C.S. § 3334,[5] to file

**2.**   ... nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
U.S. Const., amend. XIV.
*See also Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (a due process right of access to the courts exists when fundamental interests are present and the State has exclusive control over "the adjustment of [the] legal relationship[s]" involved.)

**3.**   Article 5, Section 18(i) provides
No justice or judge shall participate as a member of the board of the Supreme Court in any proceeding involving his suspension, removal, discipline or compulsory retirement.
U.S. Const. art. V, § 18(i).

**4.**   Section 18(h) provides:
(h) The Supreme Court shall review the record of the board's proceedings on the law and facts and may permit the introduction of additional evidence. It shall order suspension, removal, discipline or compulsory retirement, or wholly reject the recommendation, as it finds just and proper. Upon an order for compulsory retirement, the justice or judge shall be retired with the same rights and privileges were he retired under section sixteen of this article. Upon an order for suspension or removal, the justice or judge shall be suspended or removed from office, and his salary shall cease from the date of such order. All papers filed with and proceedings before the board shall be confidential but upon being filed by the board in the Supreme Court, the record shall lose its confidential character. The filing of papers with and the giving of testimony before the board shall be privileged.
Pa. Const. art. V, § 18(h).

**5.**   Section 3334 provides:

the petition under seal apparently because certain of the allegations and exhibits were protected by the confidentiality rule relating to a pending matter before the Judicial Inquiry and Review Board. The filing of the petition was refused at the direction of the Chief Justice and a telephone conference was scheduled and held with all Justices participating. The majority concluded, without any information as to the substance or nature of the complaint, that the petitioner would be foreclosed from any consideration.

At the outset of the Court's deliberation on this subject, objection was made to the participation of Mr. Justice Larsen. The basis of that objection is Article 5, Section 18(i) of the Pennsylvania Constitution which prohibits, without qualification, a justice from participating "in any proceeding involving his suspension, removal, discipline or compulsory retirement." It was argued in support of the refusal of Mr. Justice Larsen to recuse himself that it was not apparent the matter under consideration was related to the charges currently pending before the Judicial Inquiry and Review Board against Justice Larsen. In view of all of the information that has been made public through the media and through prior applications to this Court, it is ludicrous to suggest that it was not absolutely obvious that the Petition for Removal was a request in connection with the Larsen inquiry.

Moreover, as to the decision of the majority, we merely need to cite this Court's recent decision in *Boyle v. O'Bannon, supra,* wherein in an opinion authored by Justice Larsen, a majority of the Court agreed with the language quoted at 500 Pa. page 185, 458 A.2d 183:

> " 'For more than a century the central meaning of procedural due process has been clear: "parties whose rights are to be affected are entitled to be heard..." *Baldwin v. Hale,* 1 Wall 223, 233, 17 L.Ed. 531, 534' [ (1864) ].'

§ 3334. Proceedings confidential
All papers filed with and proceedings before the Judicial Inquiry and Review Board shall be confidential but upon being filed by the board in the Supreme Court, the record shall lose its confidential character.

**32**

*Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983 [32 L.Ed.2d 556] (1972)."

Although at that time I did not believe those principles were applicable to the case then before the Court,[6] its applicability here is unquestioned. In *Boyle* the petitioner's papers were allowed to be filed and were considered by the Court. The question there was the right of the Court to summarily dispose of the matter prior to service and responsive pleading. Here Mr. Surrick is being prevented at the door of the courthouse from even articulating the basis of his complaint. Such constraint by a judicial body is frightening.

For both of the above stated reasons I must again express my strenuous disagreement.

McDERMOTT, J., joins in this dissenting opinion.

6. *Boyle v. O'Bannon, supra* (Nix, J., dissenting).